Owen McGivern, J.
Motion for reargument granted and upon reargument the original decision denying a stay is adhered to.
When the original decision was issued the court was aware that the provisions of the Debtor and Creditor Law dealing with discharges in assignment proceedings were not presently effective, in view of the existence of the National Bankruptcy Act. These provisions were cited merely to indicate the legislative intent as to the limited scope of assignment proceedings. Such intent is no less manifest now than it would have been had the Bankruptcy Act not been passed.
The jurisdiction of this court to enter an order in the assignment proceeding enjoining a foreign sovereign is not established by cases such as National Bank v. Republic of China (348 U. S. 356) authorizing counterclaims against such sovereigns. The *17 motion sub judice was made in the assignment proceeding, not in the action brought by the Republic of Argentina. By bringing an action in this court, the Republic did not consent that motions be made against it in all actions and proceedings pending in this court.
In his affidavit in support of the motion for reargument, the assignee for the first time, cites United States v. Bank of New York Co. (296 U. S. 463). In that case the Supreme Court of the United States held that the United States could not sue in the Federal courts the assignee for the benefit of creditors of a Russian insurance company, which assignee was functioning under the orders of this court. A principal basis for this decision was stated to be the duty of the United States Supreme Court ‘ to give effect to such methods of procedure as shall serve to conciliate the distinct and independent tribunals of the States and of the Union, so that they may cooperate as harmonious members of a judicial system coextensive with the United States’” (pp. 477-478). No such consideration is applicable here since both the assignment proceeding and the plenary action are pending in this court. The issue here is the scope of the assignment proceeding, a question purely of the law' of this State. The authorities cited in this court’s original opinion herein indicate that under New York law the stay should be denied.